Fay *v.* Fay.

WILLIAM H. FAY

*v.*

EDWIN J. FAY.

A minor, eleven years old, died without any personal estate, but with an undivided interest in certain lands which she had inherited from her grandfather. One of his administrators paid the funeral expenses, but took no assignment of the claim from the undertaker.—*Held*, that such payment was purely voluntary, and did not entitle him, by subrogation, to the undertaker's claim, to re-imbursement out of the proceeds of the sale of the infant's interest in the lands.

On petition and proofs.

*Mr. J. J. Crandall,* for the petitioner.

*Mr. Thomas B. Harned,* for the defendant.

NOTE.—As to the rights and obligations of a third person voluntarily paying funeral expenses, see *Wilson* v. *Staats,* 6 *Stew. Eq.* 525, 527, 529 ; *Carter* v. *Robbins,* 8 *Rich.* 29.

It has been held that there is no implied promise by the representative to repay a mere volunteer in such cases, *Gregory* v. *Hooker,* 1 *Hawks* 394 ; *Ward* v. *Jones, Busbee* 127 ; *Lerch* v. *Emmett,* 44 *Ind.* 331 ; *Foley* v. *Bushway,* 71 *Ill.* 386 ; although a different rule prevails in some states, *Rappelyea* v. *Russell,* 1 *Daly* 214 ; *Miller's Case,* 4 *Redf.* 302 ; *France's Estate,* 75 *Pa. St.* 220 ; see *Hill's Case,* 17 *Abb. N. C.* 273 ; *Samuel* v. *Thomas,* 51 *Wis.* 549 ; *Tugwell* v. *Hayman,* 3 *Camp.* 298.

In *Gregory* v. *Lockyer,* 6 *Madd.* 90, a husband made a claim upon his wife's executor for the repayment of her funeral expenses incurred by him, and it was allowed ; also, *Lightbown* v. *McMyn,* L. R. (33 *Ch. Div.*) 575 ; *Freeman* v. *Coit,* 27 *Hun* 447, 96 *N. Y.* 63 ; but see *Wilson* v. *Staats,* 6 *Stew. Eq.* 526 ; *Staples's Appeal,* 52 *Conn.* 425 ; *McClellan* v. *Filson,* 44 *Ohio St.* 184 ; *Buxton* v. *Barrett,* 14 *R. I.* 40 ; *Johnson's Case* (*R. I.*), 8 *Atl. Rep.* 248 ; *Green* v. *Weever,* 78 *Ind.* 494 ; *Hyneman's Estate,* 11 *Phila.* 135 ; *Darmody's Estate,* 13 *Phila.* 207.

In *Lott* v. *Graves,* 67 *Ala.* 40, it was held that an undertaker could not obtain an order to sell a deceased wife's lands to pay her funeral expenses, her husband being alive.

A volunteer paying the funeral expenses of a pauper cannot recover them from the county, *Duval* v. *Laclede Co.,* 21 *Mo.* 396 ; *Handlin* v. *Morgan Co.,* 57 *Mo.* 114.—REP.

BIRD, V. C.

Kate F. Fay died at the age of eleven years, without personal estate, but the owner of an undivided interest in lands which have since been sold on proceedings for partition in the court of chancery. The interest of Kate has been ordered to be paid into this court, upon application by persons who claim to be her creditors and to have an interest in the fund. Middleton, an undertaker, buried Kate, November 28th, 1884, at a cost of $85. This bill has since been paid him by T. W. Fay, one of the administrators of G. J. Fay, deceased, who was the grandfather of said Kate, and from whom the said lands descended to her. T. W. Fay, having discharged the said obligation by paying the undertaker, desires to have so much of the said money as is necessary therefor, applied to the payment of that obligation, claiming that he stands in the right of the undertaker and can, as it is alleged the undertaker could, enforce this claim against the estate of said Kate. To this end he has been appointed administrator of the said infant, Kate F. Fay.

The payment of this bill is opposed by the heirs-at-law of Kate, on the ground that the payment by T. W. Fay, as one of the administrators of his father's estate, was voluntary, and, being voluntary, he does not stand in the place of the undertaker. I find myself obliged to conclude that this seems to be the true attitude in which the petitioner stands. He was not obliged to pay this claim to the undertaker, as one of the administrators of his father's estate; the relation of debtor and creditor not existing there in any sense whatever. Nor was he under any obligation in any other respect to pay the undertaker. His act was simply the payment of a debt due from one person to another, not at the request of that other, or of his representative, and that, too, without taking an assignment of the debt or claim, or any writing whatsoever to show that it was meant to be something else than an absolute discharge of a debt. In other words, he took nothing to show an intention to preserve the vitality of the claim as it existed in the hands of the undertaker. The undertaker, beyond doubt, had a claim which he could have enforced. It may have been the intention, perhaps

was, of Mr. Fay to preserve all the qualities of that claim against the estate of Kate, but whatever his intentions were, there is nothing in the case to show that he did it.

The rule seems to be very well settled, so clearly so that it would be folly to contend otherwise, that a volunteer never can claim the benefit of the law of subrogation. See *North River Construction Co.'s Case, 11 Stew. Eq. 433,* and *S. C., 13 Id. 340.* In advising a decree, it is most plainly my duty to follow the law so clearly pointed out. The petition should be dismissed, with costs.